**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile: (213) 383-7368
E-Mail: maimons@aol.com

Attorney for Plaintiffs
KALPESH P. SOLANKI,
TUMAS R. PATEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALPESH P. SOLANKI; TUMAS R. PATEL,<br><br>  Plaintiffs,<br><br>v<br><br>WYNDHAM HOTELS & RESORTS, INC.; SUPER 8 WORLDWIDE, INC,; AND DOES 1-10 INCLUSIVE,<br><br>  Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[VIOLATION OF 42 U.S.C. SECTION 1982]**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs KALPESH P. SOLANKI, TUMAS R. PATEL (collectively "Plaintiffs," or individually "KS," "TP") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Section 1331 and 42 U.S.C. Section 1982. This action which arises under the laws of the United States, and involves violations of federal law actionable under 18 U.S.C. Section 1982.

## PARTIES

2. Plaintiffs are residents of San Bernardino County, California.

3. Defendant WYNDHAM HOTELS & RESORTS, INC.("WYNDHAM") was at all times a New Jersey corporation whose principal office is located at 22 Sylvan Way, Parsippany, NJ 07054 and is registered and authorized to do business in California.

4. Defendant SUPER 8 WORLDWIDE, INC. ("SW," or collectively with WYNDHAM as "Defendants") was at all times a New Jersey corporation whose principal office is located at 22 Sylvan Way, Parsippany, NJ 07054 and is registered and is registered and authorized to do business in California.

5. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs are unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names

on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

1. Plaintiffs are the owners and operators of a motel commonly known as the SUPER 8 located at 426 N. China Lake Blvd., Ridgecrest, CA 93555 ("Motel").

2. Plaintiffs are Asian-Indian.

3. Wyndham is the parent company of SW.

4. Plaintiffs entered into a Franchise Agreement for the Motel with the Defendants to operate the Motel as a Super 8 ("Franchise Agreement").

5. According to the Franchise Agreement, Plaintiffs were to pay a percentage of the gross revenue to Defendants, and Defendants agreed to provide reservations for Plaintiffs.

6. With the onset of the COVID 19 pandemic in early 2020, SW failed to provide the agreed upon reservations to Plaintiffs, instead sending available reservations Plaintiffs' competitors in the local area.

7. As a result of this, Plaintiffs lost a substantial amount of business.

8. On or about July 27, 2023, the pretextually and falsely claimed that Plaintiffs were in default of the Franchise Agreement, falsely claiming that Plaintiffs were in breach of the Franchise Agreement regarding their payments to Defendants, which the Defendants falsely claimed were grounds for unilateral termination of services and the Franchise Agreement.

9. The claims by the Defendants against Plaintiffs were wholly false and was done as a pretext to terminate the Franchise Agreement and, for purposes also of benefiting Plaintiffs competitors in the area who are no Asian-Indian.

10. In doing so, the Defendants threatened to enter the Motel into private areas of the Motel without prior notice, right, or consent of the Plaintiffs, and further to shut down the reservation system.

11. Plaintiffs strongly objected to the Defendant's false and pretextual claims of their default of the Franchise Agreement and the unreasonable and unfounded threats of non-consensual and unwarranted inspections and shutting down the reservation system of the Motel.

12. In taking the actions set forth above in paragraphs 1-11 above, the Defendants were applying an unwritten policy, custom, and practice, that it has applied not only against Plaintiffs but also other similar Asian-Indian motel owner and operator Motel 6 franchisees throughout the United States in which said motel owners and operators, including Plaintiffs, are treated differentially and falsely claimed to have breached similar Super 8 Franchise Agreements.

Based, on the foregoing, Plaintiffs allege the following claims for relief.

### **FIRST CLAIM OF RELIEF**

**(Violation of 42 U.S.C. Section 1982 Against All Defendants)**

13. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-12 above.

14. The actions of the Defendants, and each of them, constitutes a violation of Plaintiffs federal civil rights, actionable under 42 U.S.C. Section 1982, by discriminating against Plaintiffs on the basis of their race and national origin in the application of the Franchise Agreement in the operation of the Motel, rights protected

under 42 U.S.C. Section 1982.

15. As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but not less than $5,000,000.00 against each defendant. Plaintiffs are also entitled to appropriate equitable and injunctive relief their reasonable attorney's fees under 42 U.S.C. Section 1988.

## SECOND CLAIM OF RELIEF

**(Breach of Contract By All Plaintiffs Against All Defendants)**

16. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-15 above.

17. The actions of the Defendants, and each of them, constitutes a violation of Plaintiffs federal civil rights, actionable under 42 U.S.C. Section 1982, as stated in the First Claim for Relief, and further constitutes a breach of the Franchise Agreement by the Defendants, and each of them.

18. As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiffs have been injured and suffered damages according to proof at trial but not less than $5,000,000.00 against each defendant. Plaintiffs are also entitled to appropriate equitable and injunctive relief, their reasonable attorney's fees under the Franchise Agreement.

## THIRD CLAIM OF RELIEF

**(Violation of UCL by All Plaintiffs Against All Defendants)**

19. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-18 above.

20. The actions of the Defendants, and each of them, constitutes a violation of Plaintiffs federal civil rights, actionable under 42 U.S.C. Section 1982, as stated in the First Claim for Relief, and further constitutes an unfair and unlawful business practice, actionable under California Business & Professions Code Section 17200, et seq. ("UCL").

21. As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiffs are entitled to restitution and equitable relief, according to proof at trial, including temporary and permanent injunctive relief against the Defendants implementing the falsely claimed termination of the Franchise Agreement. Plaintiffs are also entitled their reasonable attorney's fees under the UCL.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

## FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial but believed to be not less than $5,000,000.00;

2. For equitable and injunctive relief damages according to proof at trial;

3. For attorney's fees;

## SECOND CLAIM FOR RELIEF

5. For damages according to proof at trial but believed to be not less than $ 5,000,000.00;

6. For attorney's fees;

## THIRD CLAIM FOR RELIEF

7. For restitution;

8. For equitable and injunctive relief damages according to proof at trial;

9. For attorney's fees;

## FOR ALL CLAIMS FOR RELIEF

10. For costs of suit;

11. For such other and further relief as the Court deems proper.

Dated: July 31, 2023                    LAW OFFICES OF FRANK A. WEISER

                                        By: /s/ Frank A. Weiser
                                        _____
                                        FRANK A. WEISER, Attorney for
                                        for Plaintiffs KALPESH P.
                                        SOLANKI, TUMAS R. PATEL

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: July 31, 2023           LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiffs KALPESH P.
SOLANKI, TUMAS R. PATEL